**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,          :
                              :        ID Nos. 1708017971A

v.                           :              1708017971B

                                    :        In and for Kent County

                                    :

MARSHALL RIVERS,          :

                                    :

        Defendant.         :

## ORDER

Submitted:  January 11, 2019
Decided:  March 19, 2019

***Upon Defendant's Motion for Sentence Modification - DENIED***

On this 19th day of March, 2019, having considered Defendant Marshall Rivers' ("Mr. Rivers") Motion for Sentence Modification and the record in this case, it appears that:

1. Mr. Rivers pled guilty to Carrying a Concealed Deadly Weapon and Robbery Second Degree on July 16, 2018, on the day he was scheduled to go to trial regarding a twelve count indictment. Before his plea, the parties jointly represented that Mr. Rivers qualified as a habitual offender pursuant to 11 *Del. C.* §4214(d). Because of his extensive prior criminal record, he faced eighty years minimum mandatory incarceration had he been convicted of all charges. Pursuant to the plea agreement, the parties recommended that he be sentenced to an aggregate of thirteen years at Level V, suspended after four years, to be followed by six months Level IV Work Release, followed by one year at Level III probation. The Court ordered a presentence investigation. After considering the report and all relevant factors, it sentenced Mr. Rivers to six years of unsuspended Level V time as opposed to the

four years recommended by the parties. Because this exceeded the sentence recommended by the parties, Mr. Rivers seeks a modification of sentence.

2. During Mr. Rivers' July 16, 2018, plea colloquy, the Court asked him a series of questions to determine whether he was entering his plea knowingly, intelligently, and voluntarily. Most relevant to this motion was the following:

> The Court: You understand, sir, that the Court is not bound by any sentencing agreement that you have made with the State?
> Mr. Rivers: Yes, your Honor.

Furthermore, Mr. Rivers checked the box indicating "No" on the Truth-in-Sentencing Guilty Plea Form next to the question "[h]as anyone promised you what your sentence will be?"

3. After he entered his plea, the parties jointly recommended deferring his sentencing until July 20, 2018. While the Court followed the recommendation for deferred sentencing, it nevertheless cautioned Mr. Rivers again that it was not bound by the plea agreement's recommended sentence.

4. On July 20, 2018, the Court convened for his sentencing but Mr. Rivers was not present. After the Court recessed, the attorneys left the courtroom. Mr. Rivers then appeared and claimed that he had been in the wrong courtroom. Contrary to his claim, the Deputy Attorney General reported that she in fact saw him after she exited the courtroom and that he was climbing the stairs from the courthouse's first floor where there were no open courtrooms. Next, the Court reconvened and addressed the matter. Namely, it stated:

> The Court: … I took the plea with you earlier in the week. The Court does have to admit that it was concerned with your demeanor. You were laughing in part during the taking of the plea, and it's been represented that you do have a significant record which I'm not familiar with now as I'm sitting here. The Court was very clear that you were to appear here, be on time, and be ready for sentencing in this deferred sentencing.

2

5. Furthermore, although the Court did not address it on the record, based upon his speech and his demeanor, the Court concluded that Mr. Rivers was impaired. Based upon what the parties jointly represented to the Court was his significant criminal history, the violent nature of the armed robbery at issue in the sentencing, and his demeanor both on the day of his scheduled trial and on the day of his sentencing, the Court ordered a presentence investigation.

6. After the Court's Investigative Service Office completed its report, the Court sentenced Mr. Rivers on September 25, 2018. When sentencing him, the Court considered the presentence report, the arguments of counsel, Mr. Rivers' statement to the Court, and the circumstances surrounding the armed robbery at issue. The Court found no mitigating factors relevant to his sentencing. In contrast, it found five aggravating factors, including (1) Mr. Rivers' prior violent criminal conviction history, (2) the need for correctional treatment, (3) his failure to accept responsibility, (4) his demonstrated lack of amenability, and (5) undue depreciation of the offense. While SENTAC guidelines provided for up to nine years and three months of unsuspended Supervision Level V time due to Mr. Rivers' prior criminal history, the Court sentenced him to six years of unsuspended Level V time.

7. Mr. Rivers seeks a sentence modification on two grounds. First, he argues that the Court's decision to deviate from the parties' recommended sentence in this case has the counterproductive effect of undermining the plea bargaining process and the ability of defense attorneys to adequately advise their clients. Second, he argues that the presentence report contained incorrect and misleading information that unfairly prejudiced his sentencing.

8. With regard to his first claim, the Court gives significant weight to the recommendations made by the State and the defendant, but "the [c]ourt is free to impose a sentence the judge believes is fair and appropriate, so long as that sentence

3

does not exceed the maximum penalties for the offense."[1]  Superior Court Criminal Rule 11(e)(1)(B) provides that the parties may "[m]ake a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request *shall not be binding upon the court*."[2]

9.  Pursuant to 11 *Del. C.* § 4331 and Superior Court Criminal Rule 32(c) the Court may require that a presentence investigation and report be prepared prior to sentencing.[3]  In Delaware, a sentencing court has broad discretion to consider "information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which defendant was convicted."[4]  The Delaware Supreme Court has recognized that sentencing courts are also entitled to rely upon information regarding other, unproven crimes.[5]

10.  Nevertheless, a sentencing court abuses its discretion if it bases a sentence upon inaccurate or unreliable information.[6]  The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits a court from sentencing a criminal defendant based upon false information or information that lacks minimal indicia of reliability.[7]  Apart from these limitations, a sentencing judge has broad discretion to determine what information to rely upon in a presentence report and its related sources.[8]

11.  In the case at hand, the Court ordered a presentence investigation and report, because (1) the parties represented that Mr. Rivers had a significant prior

---

[1] *Custis v. State*, 2011 WL 3907896, at * 2 (Del. Super Sept. 1, 2011).
[2] Super. Ct. Crim. R. 11(e)(1)(B) (emphasis added).
[3] *Mayes v. State,* 604 A.2d 839, 841 (Del. 1992), *see also Stanley v. State*, 11 A.3d 1216, 2015 WL 3545413, at *4 (Del. Jun 4, 2015) (TABLE) (recognizing that the Superior Court has the discretion to order a presentence investigation).
[4] *Mayes,* 604 A.2d at 842 (citation omitted).
[5] *Id.* at 842-43.
[6] *Id.* at 843.
[7] *Id.*
[8] *Id.*

criminal record, (2) because of Mr. Rivers' demeanor at the time of his plea, and (3) because the Court concluded that he was impaired at the time of his sentencing. The Court maintained an open mind regarding his appropriate sentence, gave appropriate weight to the parties' recommended sentence, and considered all relevant and appropriate factors.

12. Second, Mr. Rivers attacks four portions of the presentence report that he alleges contained misleading and unfair information. Namely, he challenges (1) information that Mr. Rivers was a validated member of a street gang; (2) that it contained substantial details about drug charges that were dismissed in 2015; (3) its suggestion that he shot a person on August 19, 2017 based upon only information from a confidential informant; and (4) that it references the fact that Mr. Rivers refused to identify his co-conspirator in the robbery for which he was being sentenced. Mr. Rivers identifies no inaccuracies in the report but rather stresses that such information should not have been provided to the Court because portions of it do not possess minimal indicia of reliability.

13. The Court is able to evaluate what information is appropriately considered in sentencing and to give information the weight it was due. Here, the Court did not factor unsubstantiated allegations into its sentencing decision. On the other hand, the very thorough and well prepared presentence report contained significant information that the Court found material to its sentencing decision. This information included its references to Mr. Rivers' violent felony conviction history and that he possessed a prohibited hand gun nine days after the armed robbery at issue in this sentencing. The Court also considered what the presentence report characterizes as his failure to accept responsibility. Namely, during his presentence interview he insisted that he was trying to help a friend in financial need, who he refused to identify, by helping that friend commit an armed robbery. The Court finds that his claimed justification for his actions do not demonstrate an acceptance of

5

responsibility for his dangerous conduct. The other matters that Mr. Rivers challenges were not considered in the Court's sentencing decision.

14. In summary, Mr. Rivers' sentence was appropriate based upon his prior violent criminal conviction history, SENTAC recommendations providing for up to nine years and three months of unsuspended Level V time, and the Court's finding of five aggravating factors relevant to his sentence. The Court's sentence was well within SENTAC'S presumptive range and also within the statutory maximums for the two offenses.

WHEREFORE, for these reasons, Mr. Rivers' motion for a sentence modification is **DENIED**.

/s/Jeffrey J Clark
Judge